J-A03045-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GREGORY MAURICE WYATT | : | |
| | : | |
| Appellant | : | No. 458 MDA 2019 |

Appeal from the PCRA Order Entered September 6, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0003361-2013

BEFORE:  LAZARUS, J., STABILE, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED JANUARY 13, 2020**

Appellant, Gregory Maurice Wyatt, appeals *pro se* from the September 6, 2018 Order entered in the Dauphin County Court of Common Pleas dismissing as untimely his Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we agree that the Petition was untimely filed and we are, thus, without jurisdiction to review its claim. We affirm.

Briefly, the facts underlying Appellant's conviction stem from the May 27, 2013 murder and robbery of an acquaintance. On June 2, 2014, Appellant entered a negotiated guilty plea to Third-Degree Murder, Robbery, Possession of a Firearm by a Prohibited Person, and Carrying a Firearm without a License. That same day, the trial court imposed an aggregate sentence of 25 to 30 years' incarceration. Appellant filed a post-sentence Motion to Withdraw Guilty

Plea, which he withdrew on July 11, 2014.

Appellant did not file a direct appeal. Appellant's Judgment of Sentence thus became final thirty days later on August 11, 2014, upon expiration of the time to file a direct appeal. *See* Pa.R.A.P. 903(a); 42 Pa.C.S. § 9545(b)(3).

On September 8, 2017, Appellant filed *pro se*, the PCRA Petition at issue, his second. The PCRA court appointed counsel and eventually permitted counsel to withdraw pursuant to *Turner/Finley*.[1] On September 6, 2018, the PCRA court dismissed the PCRA Petition without a hearing after providing notice pursuant to Pa.R.Crim.P. 907.

Appellant timely filed a *pro se* Notice of Appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents one issue for our review: "[d]id the PCRA court err[] by dismissing the PCRA petition as untimely?" Appellant's Br. at 4.

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). However, "[i]t is well-settled that the PCRA's time restrictions are jurisdictional in nature." *Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016) (citation omitted). Therefore, we must first determine whether we have

---

[1] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

jurisdiction to entertain this PCRA Petition. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

As detailed above, Appellant's Judgment of Sentence became final on August 11, 2014. Thus, he had until August 11, 2015, to file his PCRA Petition. ***See*** 42 Pa.C.S. § 9545(b)(1). His filing on September 8, 2017, was, therefore, untimely by more than two years.

Pennsylvania courts may consider an untimely PCRA petition if the appellant pleads and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b)(1). The "newly discovered facts exception" requires the PCRA petitioner to plead and prove that: (1) the facts upon which the claim was predicated were unknown; and (2) the facts could not have been ascertained by the exercise of due diligence. ***Id.***; ***Commonwealth v. Bennett,*** 930 A.2d 1264, 1272 (Pa. 2007). Additionally, an appellant who invoked an exception prior to December 2018 must have filed his claim within 60 days of the date the claim could have been presented.[2] ***Commonwealth v. Lark,*** 746 A.2d 585, 588 (Pa. 2000).

Here, Appellant asserts that he is entitled to relief based on newly discovered evidence—an affidavit from Anthony Hodge dated August 25,

---

[2] ***See*** 42 Pa.C.S § 9545(b)(2). Effective December 24, 2018, Section 9545(b)(2) now provides that, for claims arising on December 24, 2017, or after, "[a]ny petition invoking an exception ... shall be filed within one year of the date the claim could have been presented."

2017, which states that on May 27, 2013, he witnessed an unidentified black male point a gun and fire shots at Appellant and the victim. Appellant's Br. at 8; PCRA Petition, filed 9/8/17, at Exh. A.[3] Appellant explains that he was previously unable to procure this information from Mr. Hodge because Mr. Hodge had refused to cooperate with the investigators. Appellant's Br. at 8-9. He states that it was only when Appellant and Hodge were living in the same prison that he was able to obtain this affidavit. *Id.* at 9. He also asserts that he filed his PCRA petition within 60 days of receiving this information from Mr. Hodge. *Id.* at 8-9.

This claim does not meet the newly discovered facts exception. Mr. Hodge's affidavit indicates that "[o]nce he was away from the area and felt safe," Mr. Hodge informed "Josh Salisbury[4]" of the events he witnessed. PCRA Petition, filed 9/8/17, at Exh. A. Appellant has not explained why he was unable to contact Mr. Hodge himself prior to September 2017, or obtain the newly discovered evidence from Mr. Salisbury. Thus, Appellant has failed to plead and prove that he could not have ascertained this information by the

_____

[3] Appellant's PCRA Petition sought relief based on new evidence, Mr. Hodge's statement, which he asserted established his innocence. PCRA Petition at 3.

[4] PCRA counsel clarified that Josh Salisbury appears to be "Josh Saulsberry," who was referenced multiple times in discovery materials. Petition to Withdraw, filed 4/16/18, Exh. A at 12. Counsel further explained that she obtained from the Officer of Public Defender an affidavit from Mr. Saulsberry, dated June 27, 2013, which stated that he had received a call from Mr. Hodge informing him "that both [Appellant] and [the victim] had been shot." *Id.* at 13.

exercise of due diligence.

Accordingly, the PCRA court properly concluded that Appellant failed to plead and prove any of the timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1), and properly dismissed Appellant's Petition as untimely.

We, thus, affirm the denial of PCRA relief.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/13/2020